UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WELLS FARGO BANK, N.A., as Indenture
Trustee, in trust for Holders of IMPAC
CMB Trust Series 2005-2,

        Plaintiff,

  - against -                          09-cv-847

TRI-5 REALTY MANAGEMENT, INC., DAVID
LAPIERRE, CONNIE LAPIERRE, JOHN D.
HEARN, KATHLEEN A. HEARN, NEW YORK
STATE DEPARTMENT OF TAXATION AND
FINANCE, and John Does 1-100, the
latter names being fictitious but
intending to designate tenants and
persons in possession or person having
an interest in the premises described
in the Complaint herein,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff Wells Fargo Bank commenced the instant action seeking to recover amounts due to it under the terms of a note and mortgage and foreclosure of the subject real property. Presently before the Court is Plaintiff's *ex parte* application for the appointment of a receiver.

      The mortgage agreement specifically allows for the appointment of a receiver, *ex parte*, in the event of a default. Mortgage at ¶ 3(d). New York law also provides that, under the circumstances presented, the mortgage agreement "must be construed as meaning that the mortgagee . . . shall be entitled, with notice . . . to the appointment of a receiver. . . . ." N.Y. Real Prop. Law § 254(10).

The Second Circuit has stated that "the appointment of a receiver is not automatic under the mortgage agreement, that the appointment of a receiver is considered to be an extraordinary remedy, and that the remedy should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." Citibank, N.A. v. Nyland (CF8) Ltd., 839 F.2d 93, 97 (2d Cir. 1988). "A receivership is a drastic remedy dispossessing former owners of assets, imposing substantial costs. In some instances appointment of a receiver may risk disruption of the affairs of nonparties such as tenants in a building or other trading partners." Fed. Home Loan Mortg. Corp. v. Spark Tarrytown, Inc., 813 F.Supp. 234, 235 (S.D.N.Y. 1993); see also Fed.l Home Loan Mortg. Corp. v. Tully Village Edge Apartments, 1997 WL 10975 (N.D.N.Y. 1997). Courts have discretion to refuse to appoint a receiver without actual notice. Fed. Home Loan Mortg. Corp. v. Mer Realty Corp., 1992 WL 135230 (E.D.N.Y. 1992); Ridgewood Savings Bank v. New Line Realty VI Corp., 2009 WL 2264340, at *2 (N.Y. Sup. Ct. Bronx County 2009) (and cases cited therein); see also Security Pacific Mortg. and Real Estate Services, Inc. v. Republic of the Philippines, 962 F.2d 204, 211 (2d Cir. 1992) (noting that, under N.Y.C.P.L.R. § 6401(a) "the court may deny the request for a receiver, even if the parties agree to the appointment."). "New York courts have declined to appoint receivers where the applicant makes an insufficient demonstration of waste or mismanagement of the property in question, even where . . . an ownership interest is present." Song v. Dreamtouch, Inc., 2001 WL 487413, at *5 (S.D.N.Y. 2001).

Here, Plaintiff submits an affidavit stating that it "believes that, absent the appointment of a receiver, the Mortgaged Premises will not realize a sum sufficient to satisfy the indebtedness due under the Note and Mortgage with interest, together with any costs which

are now due or may become due. . . . In light of this foreclosure action, it cannot be reasonably expected that Borrower will use the rent monies, if any, to properly maintain the Mortgaged Premises and pay the necessary expenses." Morris Aff. at ¶ 12. The Morris Affidavit fails to substantiate why it is likely that the mortgaged premises will not realize a sufficient sum to satisfy any indebtedness under the note or any costs absent the appointment of a receiver, or why the borrower is unlikely to use rent monies to maintain the property. Neither the Complaint, the Morris affidavit, nor any of the other exhibits before the Court demonstrate sufficient grounds for the appointment of a receiver on an *ex parte* basis. See Spark Tarrytown, 813 F. Supp. at 235 ("Where such relief is sought *ex parte*, it is particularly important that adequate factual support be provided to indicate that dispensing with notice is warranted."); see also Citibank, N.A., 839 F.2d at 97-98; Tully Village, 1997 WL 10975, at *1 ("A party seeking *ex parte* appointment of a receiver must also demonstrate that exigent circumstances exist justifying the appointment on an *ex parte* basis. For example, an *ex parte* movant must establish that notice to the relevant party is impractical or ill advised because the party involved cannot be found, because a bona fide emergency situation exists, or because prior notice would likely result in the disappearance of critical evidence or property.").

For the foregoing reasons, the *ex parte* motion for an order appointing a receiver is DENIED with leave to renew upon notice to Defendants.

IT IS SO ORDERED.

DATED: August 3, 2009

Thomas J. McAvoy
Senior, U.S. District Judge